UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-737-SDJ |
| SEBASTIAN SILEA, ET AL. | | |

# MEMORANDUM OPINION AND ORDER

The U.S. Securities and Exchange Commission ("Commission") brought suit against Defendants Sebastian Silea, Christian Kranenberg, and KS Cartel LLC ("KS Cartel") to establish past violations and to enjoin future violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). The suit arises from Silea and Kranenberg's establishment of an entity through which they operated an investment scam that is, in large part, a Ponzi scheme—one that has caused several investors to suffer tens of thousands of dollars in losses.

Before the Court is the Commission's Motion for a Conduct-Based Injunction against all Defendants. (Dkt. #96). Silea alone filed a purported response to the motion.[1] (Dkt. #99). After review of the motion and the entirety of the record, and

---

[1] Silea submitted three largely nonsensical filings that are purportedly responsive to the Commission's motion. *See* (Dkt. #97, #98, #99). As a non-lawyer, Silea may only represent himself pro se, and therefore the Court will not construe these filings as being on behalf of Kranenberg or KS Cartel. *See SEC v. Silea*, No. 4:20-CV-737-SDJ, 2022 WL 269105, at *7 n.10 (E.D. Tex. Jan. 27, 2022) (in granting the Commission's summary-judgment motion, holding that filings signed by Silea alone will not be construed as filings on behalf of either Kranenberg or KS Cartel) (citing *SEC v. Meta 1 Coin Tr.*, No. 1:20-CV-273-RP, 2020 WL 1931852, at *3 n.4 (W.D. Tex. Apr. 21, 2020)); *see also Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (entities are not permitted to proceed pro se in federal court).

after a hearing on the motion, (Dkt. #102), the Court has determined that the motion should be, and hereby is, **GRANTED**.

## I. BACKGROUND

The factual and procedural background of this matter are set out more fully in the Court's previous Memorandum Opinion and Order (the "Summary Judgment Order"). *Silea*, 2022 WL 269105, at *1–6. As relevant here, the Court recently granted the Commission's motion for summary judgment on all claims against Silea and Kranenberg and for default judgment against KS Cartel. *Id.* at *14.

Following the Court's entry of the Summary Judgment Order, the parties mediated regarding remedies and entered into a partial settlement agreement. Under its terms, which were incorporated into consent judgments (the "Consent Judgments") entered by the Court on March 24, 2022, each Defendant was: (i) enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 5 and 17(a) of the Securities Act; (ii) held liable, jointly and severally with the other Defendants, for disgorgement of $66,183.01, together with prejudgment interest thereon in the amount of $4,475.28, for a total of $70,658.29; and (iii) held liable individually for a civil penalty in the amount of $195,047. *See* (Dkt. #90, #91, #92).

The Consent Judgments order each Defendant to pay disgorgement, on a joint and several basis with the other Defendants, within thirty days of entry of the Consent Judgments, and each Defendant to pay the penalty in four equal installments, with each installment due within 90, 180, 270, and 360 days of entry of

the Consent Judgments, respectively. Defendants' first installment payment was due on April 25, 2022. The second installment payment was due on June 22, 2022. As of the time of the Court's hearing on the instant motion on June 23, Defendants had made no payments.

The Commission now requests that the Court enjoin each Defendant from directly or indirectly, including but not limited to through any entity owned or controlled by such Defendant, participating in the issuance, purchase, offer, or sale of any securities; provided, however, that with respect to Silea and Kranenberg, such injunction shall not prevent each of them from purchasing or selling securities for their own personal accounts.

## II. LEGAL STANDARD

Section 20(b) of the Securities Act and section 21(d) of the Exchange Act authorize the Commission to seek and direct the courts to enter permanent injunctions upon a "proper showing" that the defendant "is engaged" or is "about to engage" in violations of the securities laws. 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d); *SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. 1981). The Commission is entitled to such an injunction when it shows that the defendant is reasonably likely to violate the securities laws again. *Zale Corp.*, 650 F.2d at 720 ("[T]he Commission is entitled to prevail when the inferences flowing from the defendant's prior illegal conduct, viewed in light of present circumstances, betoken a 'reasonable likelihood' of future transgressions."); *see also SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978).

Courts must evaluate several factors when considering whether to impose a permanent injunction, including the: "(1) egregiousness of the defendant's conduct, (2) isolated or recurrent nature of the violation, (3) degree of *scienter*, (4) sincerity of defendant's recognition of his transgression, and (5) likelihood of the defendant's job providing opportunities for future violations." *S.E.C. v. Gann*, 565 F.3d 932, 940 (5th Cir. 2009) (citing *Blatt*, 583 F.2d at 1334 n. 29). No single factor is dispositive, and the totality of the circumstances govern whether to grant or deny injunctive relief. *Zale Corp.*, 650 F.2d at 720.

### III. DISCUSSION

Based on the Court's findings and conclusions set forth in the Summary Judgment Order, along with Defendants' actions in the interim, the Court concludes that Defendants are reasonably likely to violate the securities laws again and therefore enters a permanent injunction against each Defendant.

**A. The Summary Judgment Order**

The Court's findings and conclusions from the Summary Judgment Order are equally applicable here and guide the Court's ruling on the requested injunction, but it is worth highlighting some of the seminal facts concerning Defendants' misconduct. Silea and Kranenberg were CFO and CEO of KS Cartel, respectively, and they exercised control over KS Cartel. *Silea*, 2022 WL 269105, at *2. Defendants raised more than one million dollars from investors by selling unregistered membership units in KS Cartel. *Id.* at *3. They deployed a mere 32% of investor funds toward securities trading. *Id.* And of the more than $900,000 they transferred to investors—

which they represented were profits—a significant portion were Ponzi payments, i.e., transfers of the principal invested by other investors. *Id.* They also spent more than $300,000 on personal expenses. *Id.*

The Court previously concluded that, in operating their scheme, Silea and Kranenberg personally made multiple material misstatements to investors and prospective investors. *Id.* at *10. Their material misstatements included: that returns using their trading strategy should be 20-30% per month; that KS Cartel was "averaging" a monthly return on investment ranging from 20–90%, even though KS Cartel was operating at a loss; that money KS Cartel distributed to investors represented profits from Defendants' trading activity, though many of the distributions were Ponzi payments; the fictitious account balances that Silea and Kranenberg provided to investors far exceeded the accounts' actual values; that they guaranteed investors a "safety net" that protected 50% of an investor's principal investment under any circumstances; and that Silea and Kranenberg were highly qualified industry professionals with expertise that set KS Cartel apart from competition, though both were college drop-outs and neither had industry expertise. *Id.* (citations omitted).

Defendants intentionally and knowingly defrauded their investors, and their investors suffered significant harm as a result of Defendants' actions. *Id.* at *5, 11–12. The Court thus concluded that Defendants violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act, as well as Rule 10b-5 thereunder, and Sections 5(a) and 5(c) of the Securities Act.

### B. Permanent Injunction

Each of the *Gann* factors supports the entry of a conduct-based injunction ("CBI") against all Defendants. First, Defendants' conduct was egregious. They repeatedly engaged in fraud to raise funds from investors by misrepresenting their backgrounds, the targeted and actual returns of their investments, and their use of investor funds. As noted herein, they deployed only 32% of investor funds for trading (which was not profitable), used investor funds for personal expenses, took no steps to implement the 50% safety-net guarantee, and distributed Ponzi payments to present the false appearance of profitable trading. This conduct lasted more than two years and resulted in losses of tens of thousands of dollars to multiple investors, including some who were induced to invest their retirement savings. *Id.* at *5.

Second, Defendants' conduct was clearly recurrent. Defendants misled more than forty investors about multiple material aspects of the KS Cartel offering and its operations over the course of two years. *See* (Dkt. #63-5 at 6–7). During this period, Defendants continuously made Ponzi payments and disseminated misleading account statements, among other false statements.

Third, as the Court has previously concluded, Defendants acted with scienter. Silea and Kranenberg "repeated known untruths and omitted critical information about the investments and intentionally defrauded investors, raising more than one million dollars as a result"—conduct that "on its face, was intentional, or, at the very least, severely reckless." *Id.* at *11–12.

Fourth, Defendants have clearly not recognized the severity of their wrongdoings. As the Commission points out in its motion, Defendants have repeatedly asserted that they understand the key reason that the Commission brought this action to be Defendants' failure to file a Form D with the Commission. They thus have a clear lack of recognition of the severity of their fraudulent action. Silea's repeated nonsensical filings submitted to this Court underscore his failure to recognize the gravity of these proceedings. And Defendants' failure to make the first two payments required by the Court's Consent Judgments also demonstrates Defendants' lack of care or understanding of the harm they have caused their investors.

Further, at the hearing on the instant CBI motion, both Silea and Kranenberg seemed to acknowledge that they made mistakes generally, but the whole of their argument underscored their lack of understanding of the breadth and severity of the harm they caused. Silea attempted to explain that Defendants missed their first payment because they did not have the required $70,658.29 by the deadline, and he implied that he is currently trying to raise those funds via investing in the stock market. These statements only serve to confirm the Court's conclusion that the requested injunction is warranted.

Additionally, Silea's incoherent response to the CBI motion, along with Kranenberg and KS Cartel's complete lack of response, demonstrate their failure to take the opportunity to acknowledge their wrongdoing or explain to the Court why they are not likely to engage in misconduct in the future.

Finally, though Defendants have stopped trading securities through KS Cartel for the duration of this action, and though it is unclear what Silea and Kranenberg are currently doing for work, the likelihood that they will have opportunities for future violations is high. *See Gann*, 565 F.3d at 940 (concluding that a defendant still had opportunities for violations even though his job no longer involved selling securities). Even in their early twenties, Silea and Kranenberg were able to raise more than a million dollars. They have given no indication that they intend to pursue a different line of work. In fact, Kranenberg told the Court at the hearing that he intended to go to school to learn how to run an investment fund correctly, evincing his intent to continue offering and selling securities. Silea's indication at the hearing that he is currently investing in the market in an attempt to raise the funds necessary to pay his fines to the Commission may suggest the same. And the fact that KS Cartel maintains a presence on LinkedIn indicates that Silea and Kranenberg may intend to continue using KS Cartel to offer and trade securities on others' behalf. *See* (Dkt. #96-2). Accordingly, it is likely that Defendants will have opportunities to violate the securities laws in the future, including in the same ways that the requested CBI is designed to prevent.

The totality of the circumstances unquestionably demonstrates a reasonable likelihood that Defendants will commit future securities violations unless permanently enjoined from doing so. The Court therefore grants the Commission's motion. The Court will enjoin each Defendant from directly or indirectly, including but not limited to through any entity owned or controlled by such Defendant,

participating in the issuance, purchase, offer, or sale of any securities; provided, however, that with respect to Silea and Kranenberg, such injunction shall not prevent each of them from purchasing or selling securities for their own personal accounts.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED** that the Commission's Motion for a Conduct-Based Injunction against all Defendants, (Dkt. #96), is **GRANTED**. The Court will enter Final Judgments against Defendants Sebastian Silea, Christian Kranenberg, and KS Cartel LLC under separate cover.

**So ORDERED and SIGNED this 28th day of June, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE